PER CURIAM.
This appeal is taken from the granting of a partial summary judgment in favor of the plaintiffs. Plaintiffs, the four surviving children of Jefferson Q. Bush, Sr. (testator), filed a complaint against First National Bank of Tuskaloosa (Bank). They claimed that the Bank, through its trust department, had breached its duty by failing to distribute the principal of a trust set up under their father’s will for the benefit of his widow during her lifetime. The widow died February 1, 1981, but by September, when suit was filed, distribution had not been made. The Bank moved to have Susan D. Bush (Mrs. Bush), the widow of Jefferson Q. Bush, Jr., brought in as an additional defendant, and, further, filed a counterclaim and cross-claim asking for a declaratory judgment as to the rights of all the parties to share in the distribution. Plaintiffs filed a motion for partial summary judgment, asking that Mrs. Bush be dismissed from the suit. The trial court, in granting the motion, stated:
“The Court now finds that from the evidence presented and the applicable law of this State that the Motion for Partial Summary Judgment of the Plaintiffs is due to be granted. The Court finds that by the terms of the Last Will and Testament of Jefferson Q. Bush his children and/or any of their respective lineal descendents [sic], left surviving at the time of the death of Mary Mosely Bush, should receive an equal share of the property constituting the residuary estate and held in trust by the First National Bank of Tuskaloosa. As Jefferson Q. Bush, Jr., died after his father but before his mother, and as Jefferson Q. Bush, Jr., left no lineal descendent [sic] surviving him, the trust estate is due to pass to the four surviving children, being the plaintiffs in this cause.”
He then ordered Mrs. Bush removed as a defendant in the cause, awarded each of the plaintiffs an undivided one-fourth interest in the property of the trust estate which was the subject of litigation, and made the judgment final pursuant to Rule 54(b), A.R. C.P. Mrs. Bush filed this appeal. We affirm.
The pertinent portions of the testator’s will are as follows:
“ITEM SEVEN. All of the rest, residue and remainder of my property of every kind and description, and wheresoever situated, I hereby give, devise and bequeath, and appoint to The First National Bank of Tuskaloosa, IN TRUST NEVERTHELESS, to hold, manage, invest and re-invest the same, to collect the income and to pay over the net income, in quarterly installments or at whatever time may be most convenient for her, but not less than annually, to my wife, Mary Mosely Bush, during her life.
“Upon the death of my said wife, I do hereby give, devise and bequeath all of the property and estate then constituting this Trust to my children, Jefferson Qui-senberry Bush, Jr., who now resides at 816 Druid Drive, Mobile, Alabama, Margaret Bush Davidson, who now resides at 1714 — 8th Street, Tuscaloosa, Alabama, *1231 John Rufus Bush, who now resides at 401 — 9th Court West, Birmingham, Alabama, Frances Bush Martin, who now resides at 357 Dakota Street, Prichard, Alabama, and Louis Hampton Bush, who now resides at 22 Sherwood Drive, Tuscaloosa, Alabama, share and share alike, and in fee simple forever. In the event, however, either of my said children should die after my death and before the death of their mother, leaving a lineal descendant, or descendants, him or her surviving, then I give, devise and bequeath per stirpes and not per capita, to such lineal descendant, or descendants, of any such deceased child of mine, all of the property and estate to which such deceased child of mine would be entitled to receive under the provisions of this Item of my Will.
“ITEM EIGHT. I hereby nominate, constitute and appoint The First National Bank of Tuskaloosa, its successor, or successors, as Executor of, and as Trustee under, this my last Will and Testament. ... In the management, care and disposition of my estate and the trusts created hereunder, I confer upon the Executor of this my Will and the Trustee of each and every trust created by this my Will, the power to do and perform all things deemed by it to be necessary or proper, all of which may be exercised without order of or report to any Court. Included in such general authority but not limited thereby, are the following specific powers:

“(j) During the life of the trusts for my beloved wife, Mary Mosely Bush, the Trustee shall have the power and authority without the order of any Court to pay over to my wife or for my wife such additional sum or sums out of the corpus or principal of either of the trust estates as the Trustee may deem necessary at its sole and absolute discretion for the proper support, comfort and health of my beloved wife during her life.”
At the time of the death of Mary Mosely Bush, the plaintiffs, Margaret Bush Davidson, John Rufus Bush, Frances Bush Martin, and Louis Hampton Bush, survived. Jefferson Q. Bush, Jr., had died prior to the death of his mother. He had no children. By the terms of his will, duly probated in Mississippi, where he was living immediately prior to his death, he left his entire estate to his widow, the appellant. Mrs. Bush claims that, by the terms of the testamentary trust quoted above, her husband held a vested interest in the remainder of the Item Seven trust estate, which interest was de-visable, and passed to her by his will at his death. See 26A C.J.S. Descent and Distribution § 18 (1956). Plaintiffs, on the other hand, contend that his remainder interest was contingent upon his surviving his mother, and, thus, lapsed when he predeceased her, since he left no lineal descendants.
We agree that the will created a contingent remainder in the children of the testator. It was contingent upon (a) either surviving the widow or (b) if predeceasing her, leaving lineal descendants. One must view the will’s provisions as of the date of the testator’s death. At the time Mr. Bush died, it was uncertain that either of his children would survive his widow, the life tenant, and equally uncertain that, if one predeceased her, he would leave lineal descendants surviving him. A devise to such children of the testator as survives the life tenant is a contingent remainder, as is a devise to such children who do not survive but leave lineal descendants.
The rules governing the provision in this will have been summarized by Professor G. Thompson in Thompson on Real Property § 1990 (1979 Replacement):
“When the remainder is limited to those that survive or are living at the termination of a particular estate, it is contingent by reason of uncertainty as to the re-maindermen, they being regarded as incapable of ascertainment until the expiration of the prior estate. A remainder has been held to be contingent where it is impossible to ascertain the person or persons entitled to take until the time of distribution. Thus, a remainder limited to a class, the members of which are unascertainable until the time of distribu *1232 tion, is a contingent remainder. A remainder is contingent, though the re-mainderman is in being and ascertained, so long as it remains uncertain whether he will be entitled to the estate limited to him in remainder if he lives, and such estate continues until all the precedent estates have ceased. A remainder is contingent when it is limited to a person not in being or not ascertained, is limited to take effect on an event which may never happen or which may not happen until after the preceding particular estate ends. It is also contingent while the person or persons who will be entitled to enjoy it remain uncertain. A remainder in fee to the life tenant’s children is contingent until the children are in esse. When they are born the remainder becomes vested. Where the remainder is given to a daughter and her children, the contingent remainder goes to the first child born but subject to being opened up to let in children thereafter born to the daughter. A remainder devised to the children of one without children at the testator’s death is a contingent remainder.”
Although the language of this will may be somewhat awkward, the intention of the testator is clear from a reading of the entire document. It is clear that his widow was his first concern, and he empowered his trustee to invade both trusts, if necessary, to provide for her health and comfort. His next concern was for his children and grandchildren if any child of his died before his widow, leaving children. Thus, we hold that the trial court correctly held that the widow of the testator’s deceased son was not entitled to share in the proceeds of the testator’s estate.
The judgment appealed from is affirmed.
AFFIRMED.
All the Justices concur, except ADAMS, J., who dissents.